**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4879

JOHN FRANKLIN BANKS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-97-86)

Submitted: September 28, 1999

Decided: October 12, 1999

Before MURNAGHAN, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Thomas H. Johnson, Jr., GRAY, NEWELL & JOHNSON, Greens-
boro, North Carolina, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Anthony P. Giorno, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John F. Banks appeals his convictions for conspiracy to distribute cocaine and cocaine base and for conducting a continuing criminal enterprise in violation of 21 U.S.C.A. §§ 846, 848 (West Supp. 1999).

In his appeal, Banks proffers several unsubstantiated challenges to the sufficiency of the evidence supporting his convictions as well as the findings of the district court made at sentencing. Our review of the record discloses that seven witnesses testified against Banks at trial, producing substantial evidence of Banks' involvement in a criminal enterprise to distribute illegal narcotics. This evidence, when viewed in the light most favorable to the Government, was sufficient for a rational jury to find the elements of the crimes charged beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 66, 80 (1942); United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). We also find no error in the district court's findings enhancing Banks' sentence for possession of a firearm or for his role as a leader in the offense. See U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(1), 3B1.1 (1998).

Banks next complains that the district court restricted his right to confront and cross-examine witnesses at trial. However, Banks fails to identify a single episode where his right of cross examination was impermissibly abridged. Furthermore, our thorough review of the trial transcripts discloses none. Accordingly, this claim is meritless.

Banks' final claim is that the district court abused its discretion when it dismissed Banks' first attorney three months prior to trial on the basis of a conflict of interest. Again, we disagree. Banks' original counsel was under investigation by the same office of the United States Attorney that was prosecuting Banks. This conflict of interest, whether actual or apparent, was sufficient in magnitude to permit the

2

disqualification. Hence, the district court did not abuse its discretion when it refused to allow Banks to waive the conflict of interest. See Wheat v. United States, 486 U.S. 153, 163 (1988).

Although we find the claims raised by Banks lacking in merit, we note that Banks' simultaneous convictions for conspiracy and conducting a continuing criminal enterprise ("CCE") implicate the Double Jeopardy Clause of the Fifth Amendment. Because this matter was not raised below, we review only for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). The United States Supreme Court has determined that conspiracy is a lesser included offense of CCE. See Rutledge v. United States, 517 U.S. 292, 300 (1996). Banks' convictions under both conspiracy and CCE thus violated his right against double jeopardy. See United States v. Devine, 934 F.2d 1325, 1342-43 (5th Cir. 1991). Accordingly, we vacate Banks' conviction for conspiracy and remand to the district court for resentencing.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED AND
REMANDED IN PART

3